**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ARLENE JONES, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | 25 C 14744 |
| | ) | |
| COMMUNITY HOME PHYSICIANS, | ) | Chief Judge Virginia M. Kendall |
| LLC | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Arlene Jones sued her former employer, Defendant Community Home Physicians, LLC, for race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, libel, defamation, intimidation, and emotional and verbal abuse. (Dkt. 1). Community Home moves to dismiss Jones' libel and defamation claims. (Dkt. 11). For the reasons below, the Court grants Community Home's motion. (*Id.*)

Jones does not explain what allegedly happened to her that caused her to file this lawsuit. She lists words and fragments like "emails," "derogatory comments," "texts expressed discriminating motives," and "held to stricter standards or rules" in her complaint; but she identifies no allegedly discriminatory or defamatory conduct. (Dkt. 1 at 9); (*see, e.g.*, *id.* at 4) (stating, "I was subjected to harassment," without providing facts about the harassment). She alleges that "adverse action occurred after filing a discrimination complaint," but does not describe what that adverse action was. (*Id.*) She also alleges that her employer gave "shifting reasons" for firing her and applied the rules "inconsistently," but does not explain what the reasons were or what rules were allegedly applied inconsistently. (*Id.*)[1]

Community Home moves to dismiss Jones' libel and defamation claims. (Dkt. 11). Community Home states that "it is not clear whether [Jones] intended" her libel and defamation "allegations to be separate claims." (*Id.* at 2). Community Home asserts that Jones "does not include any jurisdictional basis for the state claims" and fails to "identify the substance of the allegedly defamatory and libelous statements," "how she was injured," and "who made the statements and when." (*Id.*) Community Home further asserts that, because Jones does not identify when the alleged harassment occurred, "it is possible that some or all of the . . . statements fall outside the statute of limitations[.]" (*Id.*)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Certain sections of Jones' handwritten complaint are illegible.

662, 678 (2009) (quotes omitted). "This means that the complaint must offer factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Farhan v. 2715 NMA LLC*, 161 F.4th 475, 482 (7th Cir. 2025) (cleaned up). The Court will accept "well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiff's favor." *Miao v. United Airlines, Inc.*, 164 F. 4th 622, 623 (7th Cir. 2026). The Court "[will] not presume the truth of legal conclusions and conclusory allegations." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 475 (7th Cir. 2024). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (quoting *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021)).

"[T]o state a claim for defamation, a petitioner must allege sufficient facts showing that (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) the publication caused damages." *project44, Inc. v. FourKites, Inc.*, 2024 IL 129227, ¶ 20. Illinois law treats libel and slander as a single cause of action for defamation. *Bryson v. News Am. Publications, Inc.*, 174 Ill. 2d 77, 89 (1996) ("a distinction between spoken and written defamation (slander and libel) . . . existed at common law, but was abandoned long ago by our courts").

The closest thing to "a false statement" in Jones' complaint is when she writes the words "derogatory comments." (Dkt. 12 at 9). Jones, however, does not explain anything about those comments other than merely writing those two words. (*Id.*) She also provides no allegations about a publication or a publication causing damages. (*Id.*) Simply put, Jones offers no facts supporting her defamation claim, such as what the statements were, who made them, when they occurred, which third parties heard them, or how they damaged her. (*Id.*) To survive a motion to dismiss, Jones "must offer factual content that allows the court to draw the reasonable inference that [Community Home] is liable for the misconduct alleged." *Farhan*, 161 F.4th at 482 (cleaned up). The Court will "draw all inferences in" Jones' favor, but it "cannot draw inferences from facts that are not alleged." *Id.*

None of Jones' arguments in opposition change the outcome. (Dkt. 15). Much of her opposition is either fabricated or irrelevant. (*Id.*) Jones claims that she alleged "a false statement to be fact, publication or communication of that statement to a third party, negligence resulting in damage to reputation." (*Id.* at 3) (numbering removed). This is demonstrably false. Jones does not identify any false statement, publication or communication of that false statement, third party, negligence, or damages. (*See* Dkt. 1). Jones further argues that she alleged that Community Home "made and published false statements, including written communications (constituting libel), that falsely accused [Jones] of misconduct, incompetence or unethical behavior" and that "[t]hese statements were communicated to third parties, including co-workers, supervisors, and/or prospective employers." (Dkt. 15 at 3). This is pure fiction. There are no allegations like this in Jones' complaint. While the Court must construe Jones' *pro se* complaint liberally, it need not create a new reality.[2]

---

[2] The Court reminds Jones that Rule 11 applies to her. *Chinedu Obi v. Cook County, Illinois et al.*, 2026 WL 1001481, at *2 (N.D. Ill. Apr. 9, 2026) ("*Pro se* status does not shelter plaintiffs from sanctions pursuant to Rule 11.") (quoting *Helen Allen v. Cass Casper & Disparti Law Group*, 2026 WL 674309, at *9 (N.D. Ill. Mar. 10, 2026)). If Jones continues to file documents—whether written by her or generated by AI—"that contain[] arguments wholly

**CONCLUSION**

The Court grants Community Home's motion to dismiss. (Dkt. 11). Jones' claim for libel is dismissed with prejudice. Jones' claim for defamation is dismissed without prejudice. Jones is granted leave to file an amended complaint within 14 days of this Order. Failure to do so will result in dismissal of her defamation claim with prejudice.

Hon, Virginia M. Kendall
United States District Judge

Date: April 15, 2026

---

unsupported by the record," she will face sanctions for violating Rule 11. *Id.* (sanctioning *pro se* plaintiff $5,000 for violating Rule 11 by filing documents generated by AI that contained false statements in them).

3